# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ERIC WATKINS, <br><br> Defendant. | Case No. 14-cr-3661-BAS <br> 16-cv-3139-BAS <br><br> **ORDER REGARDING CERTIFICATE OF APPEALABILITY** |

Defendant Eric Watkins pled guilty to conspiracy to recruit minor females to engage in prostitution in violation of 18 U.S.C. § 1594(c). (ECF No. 56.) The Court sentenced him accordingly. (ECF No. 144.)

Thereafter, Defendant filed several motions seeking to vacate his sentence under 28 U.S.C. § 2255. (ECF Nos. 151, 162, 171.) In these filings, Defendant raised several claims for relief. First, Defendant argued his counsel was ineffective because he "coerced [Defendant] into signing a shammed plea agreement," failed to present exculpatory evidence, did not investigate witnesses who would have made statements on his behalf, and misinformed him about the amount of time to which he was exposing himself. (ECF No. 151.) Second, Defendant argued the Court erroneously determined his base offense level. (ECF No. 162.) Third, Defendant argued his counsel was ineffective because he failed to file a notice of appeal despite Watkins'

request that he do so. (*Id.*) Fourth, Defendant argued the Government breached the parties' plea agreement because the Government argued for an "illegal" base offense level. (ECF No. 171.)

In an order dated June 22, 2018, the Court granted in part and denied in part Defendant's motions under Section 2255. (ECF No. 187.) In doing so, the Court observed that in *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2000), the Ninth Circuit held that an attorney's refusal to comply with a defendant's specific instruction to file an appeal constitutes ineffective assistance of counsel. This is true even if the defendant clearly waived his right to appeal as part of the plea agreement. *Id.*; *see also Roe v. Flores-Ortega*, 528 U.S. 470, 471 (2000). Further, the Court noted that if a defendant files a habeas petition alleging that this rule has been violated, and the Government does not object, "the district court can vacate and reenter the judgment without a hearing to allow the appeal to proceed, assuming without deciding that the petitioner's claim is true." *Sandoval-Lopez*, 409 F.3d at 1198. Given that the Government acquiesced to this remedy in this case, the Court agreed to vacate and reenter the judgment without a further hearing to allow an appeal to proceed. (ECF No. 187 at 11:8–23.) The Court did so. (*Id.* at 12:19–21.)

The Court, however, found Defendant's remaining claims did not entitle him to relief. In short, the Court was unconvinced by Defendant's arguments that his counsel was ineffective because his counsel allegedly coerced him, failed to investigate or present exculpatory evidence, and misinformed him about the amount of time he was facing. (*Id.* at 6:24–9:9.) The Court also found Defendant waived his right to collaterally attack his sentence based on the Court's determination of his base offense level. (*Id.* at 10:11–11:3.) Similarly, the Court found Defendant had failed to demonstrate that the Government breached the parties' plea agreement. (*Id.* at 11:25–12:11.) Thus, the Court denied Defendant's request for relief based on these claims.

After the Court ruled on his motions under Section 2255, Defendant filed a notice of appeal. (ECF No. 189.) Then, more recently, the Ninth Circuit issued an order noting that this "court has not issued or declined to issue a certificate of appealability in this appeal, which appears to arise under 28 U.S.C. § 2255." (*Id.*) Consequently, the Ninth Circuit remanded this case "for the limited purpose of granting or denying a certificate of appealability." (*Id.*)

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Defendant has not made this showing for his unsuccessful claims under Section 2255. Reasonable jurists would not find the Court's assessment of these claims debatable or wrong, including the Court's determinations that: (1) Defendant has not demonstrated his defense counsel rendered ineffective assistance of counsel by coercing him, failing to investigate or present exculpatory evidence, and misinforming Defendant about the amount of time he was facing; (2) Defendant has waived his right to collaterally attack his sentence based on the Court's assessment of his base offense level; and (3) Defendant has failed to demonstrate the Government breached the parties' plea agreement.

Further, in this Court's view, Defendant does not need a certificate of appealability to now pursue a direct appeal of his conviction. In granting Defendant limited relief, the Court vacated and reentered the judgment to allow a direct appeal. Hence, in the event that Defendant is seeking to pursue a direct appeal, he is

appealing from the judgment reentered by this Court—not from the final order in a proceeding under Section 2255. (*See* ECF No. 187 at 11:8–23, 12:19–21.) *See also Sandoval-Lopez*, 409 F.3d at 1198 (noting "the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true"). Accordingly, the Court need not make a certificate of appealability determination for this issue.

In sum, the Court **DENIES** Defendant a certificate of appealability for his unsuccessful claims under Section 2255. However, the Court highlights that it granted Defendant limited relief by vacating and reentering the judgment to allow him to pursue a direct appeal of his conviction. *See Sandoval-Lopez*, 409 F.3d at 1198.

**IT IS SO ORDERED.**

**DATED: October 31, 2018**

Hon. Cynthia Bashant
United States District Judge