# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>ERIC WATKINS,<br><br>             Defendant. | Case No. 14-cr-3661-BAS-1<br><br>**ORDER REGARDING LETTER FROM MR. WATKINS ABOUT HALFWAY HOUSE PLACEMENT**<br>**(ECF No. 216)** |

On September 20, 2016, the Court sentenced Mr. Watkins to 120 months in custody followed by eight years of supervised release after he pled guilty to conspiracy to commit sex trafficking of children. (ECF No. 188.) Mr. Watkins has now sent a letter to the Court requesting that he be allowed "at least 6 months or more in a halfway house" located outside of California. (ECF No. 216.)

"[T]he court has no jurisdiction to select the place where the sentence will be served." *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984). That authority is delegated to the Bureau of Prisons. *Id.*; *see also United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) ("The Bureau of Prisons has the statutory authority to

choose the locations where prisoners serve their sentence."). The recommendations of the sentencing court to the Bureau of Prisons regarding where the sentence shall be served are given only non-binding weight. *Ceballos*, 671 F.3d at 855.

In this case, the Court declines to make a recommendation to the Bureau of Prisons regarding halfway house placement more than five years after sentencing Defendant. The Bureau of Prisons is in a much better position than the Court to evaluate Mr. Watkins's request in light of his circumstances and the availability and suitability of any halfway houses.

**IT IS SO ORDERED.**

**DATED: July 18, 2022**

Hon. Cynthia Bashant
United States District Judge